THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENE DASHIELL BLAIR, as assignee of ROBIN ELAINE ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>TRUMBULL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C26-0211-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for partial summary judgment. (Dkt. No. 19.) Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary,[1] the Court DENIES the motion as explained herein.

Plaintiff brings suit against Trumbull Insurance Company, following the assignment of an insured's policy rights. (*See generally* Dkt. No. 1.) Plaintiff's resulting claims (against Trumball) are for breach of contract, bad faith, violation of Washington's Insurance Fair Conduct Act, and violation of Washington's Consumer Protection Act. (*See generally* Dkt. No. 1-2.) All arise from Trumball's adjustment of an insurance claim, following a tortious event between Plaintiff and Trumball's insured, which resulted in a Trumball policy limit payout. (*See* Dkt. No. 19-1 at 34–

---

[1] Each party has had a full opportunity to brief the issues presented. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998).

ORDER
C26-0211-JCC
PAGE - 1

38.) In satisfaction of claims between Plaintiff and the insured, and pursuant to a King County Superior Court covenant judgment between the two, the insured assigned to Plaintiff her interest in any extra-contract claims against Trumbull. (*Id.*) At issue here is a finding from the Superior Court, which it made while assessing the reasonableness of that settlement (in accordance with RCW 4.22.060), that it was "negotiated in good faith and without improper motive." (*Id.* at 37.)

As to the instant suit, Plaintiff now seeks partial summary judgement on Trumbull's affirmative defenses numbers 4 and 5. (*See generally* Dkt. No. 19.) Collectively, those defenses assert that the settlement discussed above was a product "of bad faith, fraud, or collusion" between Plaintiff and the insured or that they "failed to act in good faith" in negotiating the settlement, to Trumbull's detriment. (Dkt. No. 8 at 5.) In so moving, Plaintiff contends that Trumbull is collaterally estopped from asserting these defenses, in light of the Superior Court's reasonableness finding. (*See* Dkt. No. 19 at 4–17.)

In opposing summary judgment, Trumbull points out that, by operation of law, an RCW 4.22.060 reasonableness determination establishes merely a rebuttable presumption that the agreement was entered into in good faith. (*See* Dkt. No. 21 at 12–20) (citing *Wood v. Milionis Constr., Inc.*, 492 P.3d 813, 822 (Wash. 2021); *Bird v. Best Plumbing Group, LLC*, 287 P.3d 551, 555 (Wash. 2012)). Meaning, any findings as to the negotiating parties' good faith (for purposes other than the reasonableness of the settlement) are superfluous. (*Id.*) Thus, says Trumbull, it would be inappropriate to enter judgment as a matter of law (based on the preclusive effects of the Superior Court's findings) on Plaintiff's behalf as to Trumbull's defenses here, which are untethered to issues finally adjudicated by the Superior Court. (*Id.*)

The Court may grant summary judgment on a claim or defense where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a motion for partial summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

ORDER
C26-0211-JCC
PAGE - 2

475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

As to the motion presently before the Court—summary judgment on certain affirmative defenses based on the preclusive effect of a prior state court proceeding—this Court must apply the state's law of collateral estoppel. *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994). And under Washington law, collateral estoppel applies where: "(1) the issue in the earlier proceeding is identical to the issue in the later proceeding, (2) the earlier proceeding ended with a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party, or in privity with a party, to the earlier proceeding, and (4) applying collateral estoppel would not be an injustice." *Schibel v. Eyemann*, 399 P.3d 1129, 1132 (Wash. 2017). The purpose of collateral estoppel is not "to deny a litigant his day in court" but to "prevent retrial of one or more of the crucial issues or determinative facts determined in previous litigation." *Luisi Truck Lines, Inc. v. Washington Utilities and Transp. Commission*, 435 P.2d 654, 659 (Wash. 1967).

Because, as described below, there was no final judgement on the merits by the King County Superior Court as to whether the settlement was negotiated in good faith, Plaintiff cannot prove the second element needed establish collateral estoppel. The Court, thus, declines to address the other elements.

In moving for summary judgment, Plaintiff suggests that Trumbull had an opportunity at the Superior Court to fully litigate the issue of bad faith and collusion—the defenses Trumbull is seeking to assert here. (*See* Dkt. No. 19 at 17.) This misconstrues the Superior Court's reasonableness determination. Under Washington law, a reasonableness determination shifts the burden of establishing bad faith (in entering into the agreement) to the insurer. *See Wood*, 198 P.3d at 822. It does not dispose of it. *Id.* And any findings otherwise, such as those made in this instance, (*see* Dkt. No. 19-1 at 37), have no preclusive effect in this litigation. *See Nielson v.*

ORDER
C26-0211-JCC
PAGE - 3

*Spanaway Gen. Med. Clinic, Inc.*, 956 P.2d 312, 315 (Wash. 1998) (finding that, for a determination of an issue to be conclusive and thus have preclusive effect, it must be "essential to the judgment") (citing to RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)). Washington law is clear that the insurer "must still be found liable *in the bad faith action* and may rebut the presumptive measure by showing the settlement was the product of fraud or collusion." *Bird*, 287 P.3d 560 (emphasis added). This is separate from the calculus pursuant to RCW 4.22.060.

Put simply, the Superior Court's covenant judgement is no more than the *presumptive* measure of damages on a *yet to be proven* bad faith claim—not a final judgement on the merits as to the existence of the claim. As a result, Trumbull retains the right to "rebut the presumptive measure by showing the settlement was the product of fraud or collusion." *Traulsen v. Cont'l Divide Ins. Co.*, 2024 WL 3327023, slip op. at 17 (Wash. Ct. App. 2024) (citing *Gosney v. Fireman's Fund Ins. Co.*, 419 P.3d 447, 464 (Wash. Ct. App. 2018)). Thus, there has been no final judgement on the issue of bad faith, fraud, or collusion as to the parties who negotiated the settlement of the matter before the Superior Court.

For the foregoing reasons, Plaintiff's motion for partial summary judgment (Dkt. No. 19) is DENIED.

DATED this 1st day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-0211-JCC
PAGE - 4