THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENE DASHIELL BLAIR, as assignee of ROBIN ELAINE ADAMS,<br><br>Plaintiff,<br>v.<br><br>TRUMBULL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C26-0211-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's second motion for partial summary judgment. (Dkt. No. 25.) Having thoroughly considered the briefing[1] and record, the Court GRANTS the motion as explained herein.

The Court summarized Plaintiff's case in chief in its order disposing of his prior summary judgment motion. (*See* Dkt. No. 23.) It will not repeat that information here. In again

[1] Of note, in a proposed surreply (Dkt. No. 32), Defendant asks the Court to strike as untimely Plaintiff's reply brief and supporting declaration (Dkt. Nos. 30, 30-1) because Plaintiff filed them 30 days after his motion (rather than 28 days). (*See* Dkt. No. 32.) But this is permitted, so long as the motion is noted with an extended deadline. *See* LCR 7(d) (indicating that "[i]f a motion is noted for consideration *later* than the time contemplated by the rule when counting from the date of filing, the time for the response and reply shall be extended *by the same number of days* that the noting date has been extended.") (emphasis added). That is just what occurred here—Plaintiff noted the motion 30 days from its filing. (*See generally* Dkt. No. 25). Thus, there is no basis to strike Plaintiff's reply.

seeking summary judgment on certain defenses, Plaintiff now asks the Court to find no genuine issue of fact precluding a determination that affirmative defenses #1, #2 and #3 fail as a matter of law. (*See generally* Dkt. No. 25.) These defenses are, collectively, based on typical insurance cooperation provisions immunizing Defendant from liability if the insured fails to cooperate in investigating the loss event and resulting claims. *See, e.g.*, *Staples v. Allstate Ins. Co.*, 295 P.3d 201, 205 (Wash. 2013); *Pub. Util. Dist. No. 1 of Klickitat Cnty. v. Intl. Ins. Co.*, 881 P.2d 1020, 1029 (Wash. 1994).

In general, the Court may grant summary judgment on a defense where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a motion for partial summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In moving for summary judgment this time, Plaintiff points to evidence he contends definitively supports the notion that the insured cooperated with Defendant in all aspects of her insurance claim. (*See* Dkt. No. 25 at 3) (citing Dkt No. 25-1 at 18–19). Plaintiff further suggests, albeit implicitly, that even if Defendant could produce rebutting evidence, it can show no prejudice from a purported lack of cooperation. (*See id.* at 4–5.) Thus, says Plaintiff, defenses #1, #2 and #3, predicated on non-cooperation, must fail. (*See generally id.*) In response, Defendant points to evidence memorializing the insured's covenant judgment negotiations with Plaintiff, through independent counsel (*i.e.*, not one provided by Defendant). (*See* Dkt. No. 27 at 11–14) (citing Dkt. Nos. 29-2 at 8–73, 29-6 at 16–33, 29-7 at 2). Defendant posits that these negotiations effectively undermined its policy limit offer (to Plaintiff). (*See id.*) Further, says Defendant,

unrebutted evidence suggests this occurred despite a lack of bad faith from Defendant in investigating and defending her claim. (*See id.*) This, says Defendant, is tantamount to non-cooperation. (*See id.*)

At issue, then, is whether *in the absence of demonstrable bad faith* an insured seeking a covenant judgment necessarily violates a cooperation provision. Defendant suggests that it does, citing *Bird*, 287 P.3d at 556. (Dkt. No. 27 at 12.) And indeed, *Bird* provides that an insurer's bad faith is <u>necessary</u> for an insured to seek such a judgment exceeding policy limits. *See* 287 P.3d at 555 (noting that "an insured [] may independently negotiate a pretrial settlement if the [] insurer refuses in bad faith to settle the plaintiff's claims") (citing *Besel v. Viking Ins. Co. of Wisconsin*, 49 P.3d 887, 890 (Wash. 2002)). But that is not the same thing as Defendant's follow-on proposition—that an insured's *mere negotiation* of a covenant judgment (in the absence of an insurer's demonstrated bad faith) is <u>ostensibly</u> non-cooperation. This is a logical leap the Court is not prepared to make. Frankly, doing so would turn Washington insurance law on its head, which normally favors insureds over insurers and solely emphasizes an *insurer's* fiduciary duties to its insured—not the other way around. *See, e.g.*, *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 16 P.3d 574, 579 (2001); *Panorama Village Condo. Owners Ass'n Bd. of Directors v. Allstate Ins. Co.*, 26 P.3d 910, 916 (2001).

And, other than this particular conduct, Defendant points to no evidence of the insured's non-cooperation. Thus, the Court finds as a matter of law that affirmative defenses #1, #2, and #3[2] fail. Plaintiff's motion for partial summary judgment (Dkt. No. 25) is GRANTED.

//

//

//

[2] However, the Court DECLINES Plaintiff's apparent request to find that Defendant's underlying pleading of those defenses, (*see* Dkt. No. 25 at 6–8), is frivolous and sanctionable in accordance with Rule 11.

So ORDERED this 1st day of October 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE