THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENE DASHIELL BLAIR, as assignee of ROBIN ELAINE ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>TRUMBULL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C26-0211-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Trumbull Insurance Company's ("Trumbull") motion to compel (Dkt. No. 33). Having thoroughly considered the briefing and record, the Court GRANTS in part and DENIES in part the motion as explained herein.

## I. BACKGROUND

The parties now present the Court with a discovery dispute. The Court summarized the facts of this insurer bad faith case in a prior order. (*See* Dkt. No. 23.) It will not restate them here. As it often states, it disfavors discovery motions and prefers the parties resolve such disputes on their own. *See, e.g., Larson Motors Inc. v. Gen. Motors LLC*, 2023 WL 346623, slip op. at 1 (W.D. Wash. 2023). Nevertheless, "the Federal Rules of Civil Procedure strongly favor full discovery." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). Thus, to the extent production may be inadequate, and the parties are unable to resolve the issue, the Court will entertain such motions.

Trumbull moves to compel Plaintiff, Rene Dashiell Blair, to produce the following: a log of withheld documents (for which privilege is asserted); responsive documents not subject to such privilege, without conditioning their production on additional specific requests from Trumbull; and a fulsome response to its Request for Production ("RFP") No. 7.[1] (*See* Dkt No. 33 at 2.) At bottom, Trumbull contends Mr. Blair is withholding discoverable information relevant to Trumbull's affirmative defense challenging the good faith of Mr. Blair's settlement with the assignee, Ms. Adams. (*See generally id.*)

The response from Mr. Blair's counsel is not the model of clarity. (*See generally* Dkt. No. 38.) Nevertheless, from what the Court can glean, counsel largely does not dispute Trumbull's assertions. Instead, he contends as follows: (1) Trumbull already has, from other sources, most of the documents it now asks the Court to compel production of and, regardless, he already offered to produce them (to the extent they are not privileged) but seeks specifics on which ones remain at issue; (2) because work-product and attorney-client privilege apply to so many of the documents at issue, he could not possibly produce a privilege log without effectively disclosing the privileged information he is entitled to protect; and, finally, (3) through counsel, Mr. Blair fully answered RFP No. 7 through his responses to RFP Nos. 14 and 15. (*See* Dkt. Nos. 38 at 2–7; 38–1 at 14.)

## II. DISCUSSSION

### A. Legal Standard

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[2] Relevant information need not be admissible but must be reasonably calculated to

---

[1] Trumbull also requests that the Court overrule Mr. Blair's general objections to RFP No. 7. (*See* Dkt. No. 33 at 2.) This issue appears moot, though, as counsel for Mr. Blair since withdrew those objections. (*See* Dkt. No. 38–1 at 6.)

[2] To restate the obvious, this discovery rule is accorded "'broad and liberal treatment' as 'mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Klein v. Omeros Corp.*, 2012 WL 12941249 slip op. at 1 (W.D. Wash. 2012) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1957)).

lead to the discovery of admissible evidence and proportional to the needs of the case. *Id.*; *see Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Proportionality requires consideration of, among other things, the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See generally* Fed. R. Civ. P. 26(b)(1). If requested discovery is withheld inappropriately or goes unanswered, the requesting party may move to compel production. Fed. R. Civ. P. 37(a)(1). The Court then has broad discretion to fashion a remedy. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**B. Mr. Blair's Discovery Obligation**

The Court previously ruled Trumbull may present evidence in support of its defense that the settlement between Mr. Blair and Ms. Adams (and the resulting covenant judgment) was the product of fraud or collusion. (*See* Dkt. No. 23 at 4.) Thus, Trumbull is entitled to relevant and proportional discovery. In moving to compel, Trumbull first identifies outstanding production deficiencies which Mr. Blair's counsel previously agreed to address. (*See generally* Dkt. No. 34–4) (recounting discovery conference dealings). However, according to Trumbull, and despite those prior promises, counsel now asserts he either lacks access to requested documents, need not produce them at all because they are available from another source, or (at a minimum) requires follow-up requests from Trumbull before he must produce. (*See* Dkt. No. 33 at 7–8.) Additionally, Trumbull notes that Mr. Blair's counsel's response to the first set of interrogatories included only documents that originated *from* counsel. (*See* Dkt. No. 33 at 8; *see generally* Dkt. No. 34–2.) This will not do.

Mr. Blair, as the plaintiff in this matter, is "required to produce documents he has in his possession, custody or control, *regardless* of whether he [or his counsel] believes [Trumbull] already has those documents." *Campbell v. Washington*, 2009 WL 10676376, slip op. at 2 (W.D. Wash. 2009) (emphasis added). Frankly, conditioning production on an opposing party's reminders and follow-ups is improper. Nor do the rules allow a party to avoid disclosure on the

contention that "nearly every document" was already disclosed, as Mr. Blair's counsel now suggests. (Dkt. No. 38 at 2–3.) Rule 26 limits the bases for withholding documents to reasonable objections (*i.e.*, relevance and proportionality), protective orders, or an asserted and documented privilege. *See* Fed. R. Civ. P. 26(b)–(c). Unless Mr. Blair's counsel can either support his objections with *specific* arguments, or establish that a privilege applies, he must make all required disclosures. Absent that, counsel and by extension his client are, at present, impermissibly evading their duty to disclose.

Thus, Mr. Blair is ORDERED to participate in the discovery process in good faith and cease making arbitrary production conditions.

**C. Privilege Log**

Trumbull next asserts that Mr. Blair's counsel has failed to provide a log to substantiate his privilege claims. (Dkt. No. 33 at 4–5.) This is, says Trumbull, despite counsel's prior commitments to do just that. (*See* Dkt. Nos. 18 at 5; 33 at 5.) In response, counsel now asserts that 250 of his e-mails with Mr. Blair are "classic attorney client communications" and, thus, not subject to production.[3] (Dkt. No. 38 at 5.) This may be true, but a log is still required to support that assertion.

By way of review, unless otherwise agreed, a privilege log must contain the following:

(a) the attorney and client involved,
(b) the nature of the document,
(c) all persons or entities shown on the document to have received or sent the document,
(d) all persons or entities known to have been furnished the document or informed of its substance, and
(e) the date the document was generated, prepared, or dated.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). Put another way, a party asserting privilege "*must* describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

[3] He further claims he cannot produce a privilege log because it is too expensive, time-consuming, and impossible to describe without "basically disclosing the content of the communications." (Dkt No. 38 at 6.)

Fed R. Civ. P. 26(5)(b)(ii) (emphasis added); *see Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1147–49 (9th Cir. 2005). And the party asserting a privilege applies bears the burden of proof. *See Equal Emp. Opportunity Comm'n v. Lowe's HIW, Inc.*, 2008 WL 11343686 slip op. at 2 (W.D. Wash. 2008). Conclusory or blanket claims of privilege, like Mr. Blair's, are insufficient. *Intermec, Inc. v. Int'l Bus. Machines Corp.*, 2011 WL 13229254, slip op. at 3 (W.D. Wash. 2011).

Mr. Blair is ORDERED to produce a privilege log containing the required information for all withheld documents.

**D. Request for Production No. 7**

Finally, Trumbull asserts Mr. Blair has not responded to RFP No. 7 at all. There, Trumbull sought the following: "Documents exchanged between, and making up or reflecting communications between, Clint Morgan and Renee Dashell [*sic*] Blair" about the accident and related litigation. (Dkt. No. 34–1 at 8.) Mr. Morgan is a friend of Mr. Blair's who is both a witness to the accident and the owner of the scooters involved. (*See* Dkt. No. 34–12 at 6–10.)

It appears that Mr. Blair's counsel claims he, in effect, responded to RFP. No. 7 when he answered Trumbull's second set of interrogatories, which contained RFP Nos. 14 and 15. (*See* Dkt. No. 38–1 at 14) (documenting Trumbull's requests for documents exchanged between Mr. Blair and Mr. Morgan related to (1) the scooter involved in the accident, and (2) any communication about this litigation). Though not explicitly stated, counsel appears to argue that any response to RFP No. 7 would be unreasonably cumulative or duplicative. *See* Fed R. Civ. P. 26(b)(C)(i).

Again, "[a]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If a party answers a request for production by claiming no such documents exist, they must support that claim with "sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Hisle v. Conanon*, 2018 WL 4444959, slip op. at 4 (E.D. Cal. 2018).

It is uncontested that Mr. Blair has not answered RFP No. 7 at all. (Dkt. Nos. 34–5; 34–8 at 5) Further, his answers to RFP Nos. 14 and 15, (*see* Dkt. No. 38–1 at 14), are not sufficiently specific to relieve him of his production burden. It seems that Mr. Blair (and, to a lesser extent, his counsel) was, or is, in regular contact with Mr. Morgan. (*See* Dkt. No. 34–12 at 6–7.) Mr. Blair's answers here seem, at best, incomplete and, at worst, dubious. Thus, Trumbull cannot be said to be asking for cumulative or duplicative discovery when Mr. Blair has yet to answer its requests. Furthermore, even if Mr. Blair's phone is no longer available (as he now contends), his production obligation extends to electronically *stored* information. (*See* Dkt. No. 34–1 at 4) (discussion of electronic information sought). It is difficult to believe in this age of modern cloud storage that no record exists which Mr. Blair can access.

Thus, the Court also ORDERS Mr. Blair to conduct a *reasonable* and *diligent* search in support of his response to Trumbull's RFP No. 7. He must seek backup copies of text messages, e-mails, social media messages, and other electronic communications stored on a device or cloud storage service maintained by his communication providers. If such a search is fruitless, Mr. Blair must document the specific steps he took so the Court can verify that his search complies with this order. Alternatively, if any documents identified are, in fact, already in Trumbull's possession, Mr. Blair must specify which documents they are (and that they pertain to RFP No. 7).

## III. CONCLUSION

For the reasons above the Court GRANTS in part and DENIES in part Defendant's motion to compel. Mr. Blair is ORDERED to do the following:

1) **Production without Condition:** cease conditioning the production of discoverable documents on more specific or additional requests from Trumbull.
2) **Reasonable Search:** conduct a reasonable and diligent search for responsive ESI to include data stored in the cloud as described above.
3) **Supplemental Production**: answer RFP No. 7 by producing documents and identifying

specific documents Trumbull already possesses, or demonstrating that his search was fruitless.

4) **Privilege Log:** produce a log sufficient to enable Trumbull to assess Mr. Blair's privilege claims.

DATED this 2nd day of November 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE